No. 6518.

AMELIA SMITH VS. T. J. KINNEY.

A power of attorney authorizing an agent to sell real estate need not be by authentic act. It is only necessary that it be in writing, and properly attested.

If the purchaser of property at a succession sale wrongfully refuses to comply with the terms of the sale, the administrator of the succession may, after putting the purchaser in default by the tender of an act of sale, cause a second sale at the expense of the purchaser; and the purchaser will be liable for the costs of this second sale, and any loss to the succession caused by the property's selling for a smaller price at the second sale.

APPEAL from the Second District Court, parish of Orleans.   *Tissot*, J.

*Braughn, Buck & Dinkelspiel* for plaintiff and appellee.

*McGloin & Nixon* for defendant and appellant.

The opinion of the court was delivered by

MANNING, C. J.   At a succession sale of Bridget Gannon's property an improved lot in this City was adjudicated to the plaintiff on her bid of $2225.   The terms of sale were one third cash, and the residue on a credit of one and two years, and the adjudicatee made the cash payment to Hodgson, the auctioneer, on the spot.   She afterwards refused to comply further with the terms, and the defendant Kinney, who is the executor of the deceased, provoked a sale *à la folle enchère*, at which eighteen hundred dollars only was bid, at which price the property was adjudicated to the second purchaser.

The plaintiff then instituted this suit, alleging that she purchased in good faith, and with the intention to comply fully with the terms of sale, but she discovered and was advised that the title of the deceased to the property was defective, and the proceedings in her succession under which the sale took place were invalid, and insufficient to convey a title to the whole property.   She alleges that she gave notice to the defendant of the specific defects complained of, and demanded the return of the sum she had paid, and notified the auctioneer not to pay it over to the defendant, and she judicially sequestrated it in his hands. She avers that the defendant, by his own act in provoking the second sale, has put out of his power to make her a valid title, and she prays that the adjudication to her be annulled and rescinded, and the auctioneer be ordered to return the sum deposited with him, but if the court should determine that the adjudication to her conveyed a valid title, she prays that the executor be ordered to complete it within a reasonable time, or in default, that she be released from all obligation, and the cash payment be returned to her.

The defendant denies that either the title of the deceased to the property, or that tendered by her executor to the plaintiff, is defective

or invalid—admits the sale *à la folle enchère*—and avers that if the plaintiff can recover any sum in this action, it is only the excess of her cash payment over the loss sustained by the succession in the second sale.

The alleged defects are—1. that the property belonged to the community of acquets between the deceased and her husband, and the undivided interest of the latter, or of his heirs, if he be dead, could not be divested by a sale under the mortuary proceedings of his wife's succession, 2. that the deed to Mrs. Gannon was executed by an agent or mandatory of Legros, her vendor, and that the power of attorney, under which the mandatory acted, was an act under private signature, and the adjudicatee can not be compelled to accept title to real estate unless the vendor's title is evidenced by an authentic act. The third ground of non-qualification by the executor has been abandoned.

The answer, responding to the first allegation of defect, avers that "the property was sold under a valid order of court to pay debts and liquidate the succession, and to pay the debts of and liquidate the community between the deceased and her husband, if any existed," and in the concluding sentences the "respondent further denies that said Gannon, husband of deceased, has or can have any claim to or upon said property, having long abandoned her, absented himself, and permitted her to acquire said property in her name, and to control and administer the same."

The insertion of these sentences in the answer occasions the only difficulty in the case, which otherwise is very clearly with the defendant.

Bridget Gannon, the testatrix, acquired the property in question from one Legros, who lived in Texas, under a power of attorney from him to his agent here, giving full authority to sell and convey title. The power was made with reference to this identical property, which is described in it, and it was attested by witnesses, acknowledged before the proper officer, and had passed through the various certificates of the clerk and judge of the court which were deemed necessary to verify it. The sale is by notarial act, and the procuration of the vendor is annexed to it, and is fully set forth in the body of the act besides. The vendee is described in the act as "Mrs. Bridget Cooney widow of the late Thomas Gannon." The date of the act is Dec. 2, 1873. She died in 1875. On March 8th. of that year, her will was presented for probate, and in the petition then filed, she is described as "Bridget Cooney, formerly wife of Thomas Gannon."

No evidence whatever was offered by either party to prove the important fact, whether the deceased was wife or widow at the time the property was acquired, and in the absence of such evidence, we must take the recital in the deed as conclusive of her status. The only

doubt that can arise upon that matter is occasioned by the two paragraphs, quoted from the answer of the executor, the first of which, in stating that the sale was had to pay her debts and those of the community, is qualified by the words, 'if any existed,' and the second, in alleging as a reason why the husband can have no claim upon the property, that he had abandoned his wife and absented himself, must be construed in harmony with the recital of the deed, so that while there was an abandonment, his death occurred during the abandonment and before hers.

So far then as the public records shewed any thing on the subject, the deceased was a widow when she bought the property, and there is no evidence *aliunde* to the contrary. The purchase price had not been wholly paid when she died. In her will she mentioned her debts, of which the principal was the unpaid note, secured by mortgage upon the property. She had no other property that was available for the payment of debts. Her movables were appraised at twenty-seven dollars. She bequeathed three hundred dollars to her priest, and the residue to her nephew. The will having been probated, and the executor qualified, application was made to sell the property for the payment of debts and legacies, and costs of administration, and it was ordered. It was at this sale that the plaintiff bought. The debts of the deceased, and of her succession, were about two thirds of the inventoried assets. The sale was validly made, and the title acquired by the purchaser was good.

The second objection to the title was that the power of attorney was not an authentic act. Neither a power of attorney to sell real estate, nor the sale itself, need be by authentic act. A transfer of immovable property must be in writing, but if it is under private signature, acknowledged or legally held to be acknowledged, and duly recorded, it is as perfect a conveyance as if by authentic act. The proof of one is different from that of the other, and convenience is promoted by an act that proves itself. And as that is true of the sale, *a fortiori* is it true of the authority to sell. Civil Code, arts 2239, 2255, new nos. 2242, 2275. The power of attorney of Legros, the vendor of the deceased, was acknowledged with formality and the attesting certificates were appended to it. There could be no reasonable objection to its form.

The plaintiff should have complied with the terms of sale. The defendant put her in default by tendering her the *procès verbal* or act of sale, and upon her continued refusal to accept it, had protest made of her refusal. The expenses of the second sale ($51.80) and the cost of the notary ($10) and the loss at second sale ($425) must be borne by her. From the cash payment of $741.65, now in the hands of the judicial

sequestrator, must be deducted the aggregate of these sums, and the residue be returned to her. The judgment of the lower court dismissed her suit against the defendant, but ordered that the auctioneer should return to her the full sum paid on the day of sale. · It is erroneous. Therefore

It is ordered, adjudged, and decreed that the judgment of the lower court is reversed, and that the plaintiff's demands be rejected, except that the sum of two hundred and fifty-four dollars and eighty-five cents be returned to her by W. I. Hodgson, in whose hands the fund has been judicially sequestered, and the residue thereof be paid to the defendant by him, and that the defendant have and recover of the plaintiff the costs of appeal.